# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMEI ZHANG,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, et al.,<br><br>Respondents. | Case No. 1:26-cv-03316-KES-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENTS' MOTION TO DISMISS AND DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS MOOT<br><br>(ECF No. 12)<br><br>ORDER DENYING PETITIONER'S MOTION TO PROCEED IN FORMA PAUPERIS AND MOTION TO APPOINT COUNSEL<br><br>(ECF Nos. 2, 9) |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**I.**

**BACKGROUND**

On April 30, 2026, Petitioner filed a petition for writ of habeas corpus challenging her prolonged immigration detention. (ECF No. 1.) On May 12, 2026, Respondents filed a response. (ECF No. 8.) On June 15, 2026, an immigration judge granted Petitioner's asylum application. (ECF No. 12-1.) The Department of Homeland Security ultimately chose not to appeal the decision, and on June 30, 2026, Petitioner was released from detention. (ECF No. 12-2.) On July 2, 2026, Respondents filed a motion to dismiss the petition as moot. (ECF No. 12.)

## II.

## DISCUSSION

Article III of the United States Constitution limits the jurisdiction of federal courts to "actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings," which "means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis, 494 U.S. at 477).

In the petition, Petitioner challenged her prolonged immigration detention. (ECF No. 1.) Petitioner was released from detention on June 30, 2026. (ECF No. 12-2.) As Petitioner is no longer in immigration detention, the Court finds that no case or controversy exists and the petition is moot. See Abdala v. I.N.S., 488 F.3d 1061, 1065 (9th Cir. 2007) (holding habeas petition challenging length of immigration detention was moot because "there was no extant controversy for the district court to act upon" when petitioner was subsequently deported, "thereby curing his complaints about the length of his INS detention").

## III.

## RECOMMENDATION & ORDER

Accordingly, the Court HEREBY RECOMMENDS that:

1. Respondents' motion to dismiss (ECF No. 12) be GRANTED; and
2. The petition for writ of habeas corpus be DISMISSED as moot.

Further, Petitioner's motion to proceed in forma pauperis (ECF No. 2) and motion to appoint counsel (ECF No. 9) are DENIED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections with the Court, **limited to fifteen (15) pages in length, including any**

**exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 13, 2026**

STANLEY A. BOONE
United States Magistrate Judge